WILLIAM E. TANNER, Respondent, v. WILLIAM SCHOENBECK, Appellant.— Judgment reversed upon the law and the facts, and a new trial granted, costs to appellant to abide the event, upon the ground that the verdict is against the weight of the evidence. Plaintiff claimed that he was standing between the north-bound and south-bound car tracks when he was struck, but had no knowledge of what struck him. Defendant's car was coming in a southerly direction, and defendant and a witness testified that as they were passing plaintiff he retraced his steps and ran into the car. Plaintiff's testimony indicates that at the time of the trial he did not know whether or not he did step back. Under these circumstances the conclusion of the jury is against the weight of the evidence. Lazansky, P. J., Kapper, Scudder and Tompkins, JJ., concur; Hagarty, J., dissents and votes to affirm.

WILLIAM WEBB, Respondent, v. THE ROCKLAND COUNTY CORPORATION, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Kapper, Carswell and Scudder, JJ.

ANNA WYJESKA, Appellant, v. JAMES KANE, Respondent.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Carswell, Scudder and Tompkins, JJ.

EDWARD L. WYNNE, Appellant, v. PETER FISCHMAN, Respondent, and EDWARD KUCK, Defendant.— Judgment of the County Court of Nassau county reversed upon the law and the facts and a new trial ordered, costs to appellant to abide the event. The testimony presented questions of fact to be submitted to the jury. Plaintiff made out a *prima facie* case. The testimony on his part showed that the car of defendant Kuck and the taxicab of defendant Fischman, in which plaintiff was riding as a passenger, approached the intersection and were equi-distant from the line of each other when first observed, going about the same speed, when suddenly the car of defendant Fischman increased its speed and the other car collided with it. The other car, according to the city ordinances, had the right of way, which, if they believed the plaintiff's story, the jury would have been warranted in finding that the chauffeur of defendant Fischman failed to respect, and as a result the accident occurred. Lazansky, P. J., Kapper, Hagarty, Scudder and Tompkins, JJ., concur.